UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Mary Hersey,
    Plaintiff

    v().                             Case No. 11-cv-207-SM
                                     Opinion No. 2013 DNH 102
WPB Partners, LLC,
    Defendant

**O R D E R**

Defendant's Motion to Dismiss (document no. 42) is granted with respect to Counts I, III, and IV of the amended complaint, and denied as to Count II.

*Count I*

Plaintiff, Mary Hersey, alleges that WPB Partners ("WPB") violated Chapter 255E of the Massachusetts General Laws when it financed her "existing debt and . . . projects on . . . property" located in Carroll County, New Hampshire. Am. Compt., doc. no. 19, at 2. See Mass. Gen. Laws ch. 255E. That Massachusetts statute regulates and provides for the licensing of mortgage lenders and brokers. By its terms, it applies only to persons "act[ing] as a mortgage broker or mortgage lender[] with respect to residential property." The statute defines "residential property" as "real property located in the commonwealth." Id. at § 1. Because the amended complaint alleges that the property

securing plaintiff's loan is located in New Hampshire, and, therefore, is not "located in the commonwealth," the Massachusetts statute does not apply in this case. Count I is, therefore, dismissed.

*Count II*

Plaintiff alleges that WPB charged an effective interest rate exceeding the maximum allowed under Massachusetts' usury statute. See Mass. Gen. Laws ch. 271, § 49. That statute prohibits lenders from charging "interest and expenses the aggregate of which exceeds an amount greater than twenty percent per annum upon the sum loaned . . . ." Id. at § 49(a). That restriction "shall not apply," however, "to any person who notifies the attorney general of his intent" to charge a higher rate. Id. In support of her usury claim, plaintiff alleges that she was "charged interest at a rate of 16.5%-19.5% not only on amounts disbursed to [her] but also on amounts that [defendant] failed to disburse . . . thus charging Petitioner excess [sic] of the statutory limit." Am. Cmpt., doc. no. 19, at 9. The complaint alleges that $80,000 was not disbursed. Id. at 4.

WPB argues that Count II should be dismissed because plaintiff has not alleged that she was charged in excess of 20%, and further, has not alleged that defendant's predecessor did not

register its intent to charge rates exceeding 20% with the attorney general. Both arguments are rejected. Plaintiff's factual allegation gives rise to an adequate inference that she was charged in excess of a 20% interest rate. In addition, the fact of registration is an affirmative defense under the statute, and not an element that plaintiff must plead. See In re Loucheschi, LLC, 471 B.R. 777, 782 (Bankr. D. Mass. 2012) ("Having determined that the 2006 loan is usurious, the burden shifts to LBM to assert a defense including" that he has "regist[ered] with the attorney general"). See also Cannarozzi v. Fiumara, 371 F.3d 1, (1st Cir. 2004) (stating in dictum that registration "is an absolute defense.").[1] The court finds, therefore, that plaintiff's Count II states a claim for violation of the Massachusetts usury statute.

*Count III*

Plaintiff brings Count III under New Hampshire Revised Statutes Annotated ("RSA") 397-A and the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601, et seq. WPB argues

---

[1] WPB has submitted registration papers in support of its motion to dismiss, and plaintiff has pointed to language in the papers indicating, perhaps, that they contain material misrepresentations that would render the registration invalid. WPB has not asked the court to enter summary judgment on Count II, and the court will not convert the motion to dismiss into a motion for summary judgment. See Fed. R. Civ. P. 12(d). The evidence of registration, and the arguments about that evidence, are, therefore, irrelevant to the present analysis.

that the amended complaint fails to state a claim under either statute. The court agrees.

In her response to WPB's motion, plaintiff concedes that RSA 397-A:2, which regulates mortgage bankers and brokers, "does not provide for a private right of action, as recently noted by this Honorable Court in <u>Ruivo v. Wells Fargo Bank, N.A.</u>," 2012 WL 5845452, at *2 (D.N.H. Nov. 19, 2012) (Barbadoro, J.). Plaintiff, therefore, offers her "assent to withdraw" the claim. Pl. Br., doc. no. 44, at 15. Plaintiff's RSA 397-A:2 claim is dismissed with prejudice.

So, too, is plaintiff's claim under RESPA. Although plaintiff includes a reference to RESPA in the caption to Count III, she does not specify which provision of RESPA she believes WPB violated, nor does she allege facts to support a RESPA claim. For instance, she does not allege that WPB did not appropriately respond to a qualified written request for information, <u>see</u> 12 U.S.C. § 2605(e); that WPB engaged in an illegal referral or fee-splitting arrangement, <u>see</u> 12 U.S.C. § 2607; or that WPB required plaintiff to purchase title insurance from a particular title company. <u>See</u> 12 U.S.C. § 2608.

*Count IV*

Plaintiff alleges that WPB breached the parties' loan agreement.  WPB moves to dismiss Count IV on the ground, among others, that the claim is barred by New Hampshire's three-year statute of limitations, RSA 508:4(I).  It is.

Plaintiff says the "original" breach occurred on December 21, 2006, and uses that date as the starting point in the limitations calculus.  She argues that Massachusetts' six-year statute of limitations applies, see Mass. Gen. Laws 260 § 2.  Accordingly, she says, "any complaint brought prior to December 21, 2012, would have been timely brought."  Pl. Br., doc. no. 44, at 18.  She notes that she filed the present suit on October 4, 2010, and amended her complaint on April 4, 2011, adding the breach of contract claim.

Plaintiff posits that the Massachusetts statute of limitations applies because the parties agreed in their contract to resolve their disputes under Massachusetts law.  That argument misses the mark.  If, in a diversity suit, "a choice of law must be made, for example, because a contractual choice-of-law clause is at issue . . ., the district court applies the law that would be applied under the conflict of laws rules of the forum state."  Servicios Comerciales Andinos, S.A. v. General Elec. Del Caribe,

Inc., 145 F.3d 463, 479 (1st Cir. 1998).  The forum state here is New Hampshire, and under its conflict of laws rules a contract's choice-of-law provision "governs what substantive law will apply, but it does not control which state's law applies to procedural issues."  Lago & Sons Dairy, Inc. v. H.P. Hood, Inc., 1994 WL 484306, at *10 (D.N.H. Sept. 6, 1994) (citing Keeton v. Hustler Magazine, Inc., 131 N.H. 6, 13-14 (1988)).  Under New Hampshire law, "'a statute of limitations is a matter of procedure and as such the law of the forum applies.'"  Id. (quoting Gordon v. Gordon, 118 N.H. 356, 360 (1978)).

Accordingly, because New Hampshire's three-year statute of limitations applies to plaintiff's breach of contract claim, her claim must have been filed before December 21, 2009.  It was not.  Count IV is dismissed, albeit without prejudice.

## Conclusion

Defendant's motion to dismiss, doc. no. 42, is granted in part and denied in part.  Counts I and III are dismissed with prejudice, and Count IV is dismissed without prejudice.

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

July 24, 2013

cc:   Raymond J. DiLucci, Esq.
      Richard K. McPartlin, Esq.
      Edmond J. Ford, Esq.