UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Mary Hersey,
     Plaintiff

     v.                                    Case No. 11-cv-207-SM
                                           Opinion No. 2014 DNH 029
WPB Partners, LLC,
     Defendant

**O R D E R**

Plaintiff, Mary Hersey ("Hersey"), brings this action against WPB Partners, LLC ("WPB Partners"), which holds a promissory note and mortgage on Hersey's undeveloped real estate. Plaintiff's remaining claim alleges that WPB Partners violated Massachusetts' usury law,[1] entitling her to relief. WPB Partners filed a counterclaim against Hersey for breach of contract, based upon Hersey's failure to pay on the promissory note. At the close of discovery, defendant filed motions seeking entry of summary judgment in its favor on both claims. Those motions, doc. nos. 52 and 53, are granted.

I. Standard of Review

When ruling on a motion for summary judgment, the court must "view the entire record in the light most hospitable to the party

---

[1] For simplicity's sake, the court will refer to WPB Partners and its predecessor, Investment Realty Funding, LLC, as "defendant" or "WPB Partners."

opposing summary judgment, indulging all reasonable inferences in that party's favor." Griggs-Ryan v. Smith, 904 F.2d 112, 115 (1st Cir. 1990).  Summary judgment is appropriate when the record reveals "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).

II.  Plaintiff's Claim

With respect to Hersey's claim that WPB Partners charged an effective interest rate exceeding the maximum allowed under Massachusetts' usury statute, see Mass. Gen. Laws ch. 271, § 49, there is no genuine factual dispute that, as allowed under the statute, WPB Partners filed a timely notice with the Massachusetts Attorney General's office of its intention to make loans at interest rates that exceeded the statutory cap.  Because "notification to the Attorney General is an absolute defense to the enforceability of" an otherwise usurious note, Cannarozzi v. Fiumara, 371 F.3d 1, 6 (1st Cir. 2004), Hersey's claim fails. See also In re Loucheschi LLC, 471 B.R. 777, 782 (Bankr. D. Mass. 2012).

Contrary to Hersey's position, WPB Partners' notice was not deficient.  WPB Partners was not, as plaintiff asserts, required to file a separate notice for plaintiff's specific loan.  See

2

Cannarozzi, 371 F.3d at 5 (holding that transaction-specific notice is not required, noting that "notification is valid for two years for loan transactions during that period."). Nor was the notice defective because it specified that defendant intended to make commercial loans, but plaintiff's loan was residential, not commercial. There is no serious dispute on this record, however, that Hersey's loan was a business loan made for the purpose of funding real estate development.

Summary judgment in favor of defendant on plaintiff's sole remaining claim, Count II, is necessarily granted.

III.  Defendant's Counterclaim

   A.  Liability

Hersey's only defense to defendant's breach of contract counterclaim is that WPB Partners may not recover damages for breach of contract because it has unclean hands. The argument is rejected for two reasons.

First, WPB Partners seeks a legal remedy in the form of liquidated damages. "[T]he unclean hands doctrine," however, only "bar[s] equitable relief." Moulton-Garland v. Cabletron Sys., Inc., 143 N.H. 540, 544 (1999) (emphasis is original). See also Kearney v. Elias, 2008 WL 3502116, at *7 (D.N.H. Aug. 11,

3

2008) ("[A]t common law, . . . [the] 'unclean hands' defense is available only against equitable relief, not claims for damages.")  Second, even if the unclean hands doctrine was generally available as a defense to WPB Partners' breach of contract claim, plaintiff has not demonstrated, on this record, that WPB Partners' conduct was sufficiently egregious to warrant the doctrine's application.  See generally Precision Instrument Mfg., Co. v. Automotive Maintenance Machinery Co., 324 U.S. 806, 814 (1945) (the doctrine of unclean hands bars relief to a party "tainted with inequitableness or bad faith").  See also Congress Park Office Condos II, LLC v. First-Citizens Bank & Trust Co., 105 So. 3d 602, 610 (Fla. Dist. Ct. App. 4th Dist. 2013) ("A failure to comply with the material terms of a loan document may be a breach of contract, and it may not be nice, but it does not amount to unclean hands.").

   B.  Liquidated Damages

   During the pretrial conference held on February 7, 2014, the court disclosed its intention to grant defendant's motions for summary judgment.  Following a discussion with respect to the existence of any material dispute related to calculating the liquidated damages amount, the parties agreed that the amount of $443,443.03, as of September 6, 2011 (a date contemporaneous with the filing of the bankruptcy petition) would be appropriate.

That amount represents a calculation decidedly in plaintiff's favor, and an amount based in substantial part on plaintiff's own expert's opinion.  By agreeing to entry of judgment in that amount, less than it reasonably could expect, defendant pragmatically recognized that the property's value is substantially less than the judgment amount, and no useful purpose would be served by the expenditure of additional time and resources to arrive at a higher, more accurate, but unimportant figure.

## Conclusion

Defendant's motions for summary judgment, doc. nos. 52 and 53, are granted.  Judgment is entered in favor of the defendant on plaintiff's usury claim, Count II.  Judgment is entered in favor of defendant on its counterclaim for breach of contract, and liquidated damages in the amount of $433,433.03, is awarded.

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

February 11, 2014

cc:  Raymond J. DiLucci, Esq.
     Richard K. McPartlin, Esq.
     Edmond J. Ford, Esq.